# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| BARBARA STEELE, | \* |
| | \*    No. 16-67V |
| Petitioner, | \*    Special Master Christian J. Moran |
| | \* |
| v. | \*    Filed: May 26, 2020 |
| | \* |
| SECRETARY OF HEALTH | \*    Attorneys' Fees and Costs, |
| AND HUMAN SERVICES, | \*    lodestar increase, expert costs, |
| | \*    expert invoicing |
| Respondent. | \* |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*\* \*

<u>Brian Burchett</u>, Burchett Law Firm, San Diego, CA., for Petitioner;
<u>Alexis Babcock</u>, United States Dep't of Justice, Washington, DC, for Respondent.

## **PUBLISHED DECISION AWARDING ATTORNEYS' FEES AND COSTS**[1]

Pending before the Court is petitioner Barbara Steele's motion for final attorneys' fees and costs. She is awarded **$225,296.07**.

\*      \*      \*

Represented by attorney Brian Burchett, Barbara Steele, a veterinarian ophthalmologist, alleged that a tetanus-pertussis-acellular vaccine and an influenza vaccine caused her to suffer shoulder injuries related to vaccine administration. Pet., filed Jan. 12, 2016.  She sought compensation under the National Childhood

---

[1] Because this published decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). This posting means the decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), the parties have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 through 34.  The case was originally assigned to the Chief Special Master's Special Processing Unit.  The Secretary conceded that Dr. Steele was entitled to compensation.  Resp't's Rep't, filed May 23, 2016.  The Chief Special Master ruled that Dr. Steele was entitled to compensation.

The parties began to determine the amount of compensation to which Dr. Steele was entitled.  This process was very complicated because of an extensive lost wage claim.  Thus, after more than one year in which the parties developed evidence, the Chief Special Master reassigned the case out of the Special Processing Unit.  Order, issued Nov. 15, 2017.

Under the undersigned's guidance, Dr. Steele continued to submit more evidence.  A three-day hearing was held in San Diego, California, starting March 26, 2019.  The hearing focused on Dr. Steele's ability to operate as a veterinarian ophthalmologist before and after the vaccination as well as the expected earnings of someone in that profession working in southern California.  At the parties' request, the undersigned issued Tentative Findings of Fact on April 12, 2019.

The Tentative Findings of Fact fostered the parties' cooperative efforts to resolve Dr. Steele's damages.  With the help of economists, the parties eventually reached an understanding as to the amount of compensation that the evidence supported.  Thus, on November 20, 2019, the Secretary submitted a proffer.  The undersigned issued a decision conforming to the parties' proffer, awarding Dr. Steele slightly more than $2.5 million.  2019 WL 6877883.

Dr. Steele filed a motion for attorneys' fees and costs ("Fees App.") on December 4, 2019.  She subsequently modified the amount that she was requesting.  She is currently seeking $243,890.82 (representing $171.610.85 in attorneys' fees, $33,804.97 in attorneys' costs, and $38,475.00 in costs incurred by petitioner).

 Respondent responded to petitioner's motion. Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." Response, filed Dec. 4, 2019, at 1. Respondent adds, however that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Id at 2.  Additionally, he recommends "that the Court exercise its discretion" when determining a reasonable award for attorneys' fees and costs. Id. at 3.

In April 2020, Dr. Steele was directed to file additional information.  Orders, issued April 10, 2020 and April 23, 2020.  One of those orders instructed Dr. Steele's attorney to submit information via an Excel spreadsheet.  Mr. Burchett did and the Excel spreadsheet has facilitated adjudication of Dr. Steele's claim of attorneys' fees and costs.  With the submission of this information, Dr. Steele's motion is ready for adjudication.

\*        \*        \*

Because Dr. Steele received compensation, she is entitled to an award of reasonable attorneys' fees and costs. 42 U.S.C. § 300aa-15(e)(1).  The Vaccine Act permits an award of reasonable attorney's fees and costs. §15(e).  The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act.  This is a two-step process.  Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1348 (Fed.  Cir. 2008).  First, a court determines an "initial estimate … by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'"  Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)).  Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings.  Id. at 1348.  Here, the lodestar process yields an unreasonably low rate.  Thus, the lodestar value is slightly increased for the reasons explained below.

In light of the Secretary's lack of objection, the undersigned has reviewed the fee application for its reasonableness.  See McIntosh v. Sec'y of Health & Human Servs., 139 Fed. Cl. 238 (2018)

A.      Reasonable Hourly Rates

Under the Vaccine Act, special masters, in general, should use the forum (District of Columbia) rate in the lodestar calculation.  Avera, 515 F.3d at 1349.  There is, however, an exception (the so-called Davis County exception) to this general rule when the bulk of the work is done outside the District of Columbia and the attorneys' rates are substantially lower.  Id. 1349 (citing Davis Cty.  Solid Waste Mgmt. and Energy Recovery Special Serv. Dist. v. U.S. Envtl.  Prot. Agency, 169 F.3d 755, 758 (D.C. Cir. 1999)).  In this case, all the attorneys' work was done outside of the District of Columbia.

Mr. Burchett graduated from law school in 1981, and has been practicing law for more than 35 years. Fees App. at 4 (Burchett affidavit ¶ 2).  His usual hourly rate is $425 per hour.  Id. at 5.  In the present case, Mr. Burchett has

3

invoiced at $350 per hour because, according to Mr. Burchett, in his first case in the Vaccine Program "a deputy AG" told him that "a 'reasonable' hourly rate for the vaccine program was no more than $350." Id.  Mr. Burchett has previously been awarded $350 per hour for attorney work.  Nearing v. Sec'y of Health & Human Servs., No. 18-66V, 2020 WL 1060295 (Fed. Cl. Spec. Mstr. Jan. 29, 2020).

The undersigned finds that the proposed rate is too low.  For many years, special masters have been awarding attorneys with more than 30 years of practice and who have extensive experience in litigating cases in the Vaccine Program more than $350 per hour.  Thus, while the report from the unnamed attorney from the Department of Justice may have been accurate years ago in the context of a case that Mr. Burchett filed in 2007 or 2011, that assessment is no longer current. Moreover, any assertion by an attorney from the Department of Justice was in the context of a period in which the Government routinely stipulated to awards of attorneys' fees and costs.  During this period, petitioners' attorneys may have accepted an hourly rate that was less than they potentially could have received in exchange for quick processing.  Because the Government no longer stipulates to the amount of fees, the Government's assertion of a ceiling on hourly rates should no longer restrict Mr. Burchett's proposal.

B.      Reasonable Number of Hours

The second factor in the lodestar formula is a reasonable number of hours. Reasonable hours are not excessive, redundant, or otherwise unnecessary.  See Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed.  Cir. 1993). The Secretary also did not directly challenge any of the requested hours as unreasonable.

Upon review of the submitted billing records and the Excel spreadsheet, the undersigned finds that the billed hours are largely reasonable, but several minor issues necessitate a reduction.[2]

First, although Mr. Burchett attempted to eliminate activities that reflect a litigation in state court Dr. Steele filed before her Vaccine Program claim, a few remain.  See entries for 04/04/2013; 03/24/2014; 04/24/2014; 08/26/2014; 09/18/2014; 09/14/2015.  The charge associated with these items is $2,625.00.

---

[2] Mr. Burchett is also encouraged to avoid block billing his entries.

Second, Mr. Burchett performed duties that a paralegal could perform and charged his (usual) attorney rate.  <u>See</u> <u>Nearing</u>, 2020 WL 1060295, at *2. Examples include entries found on 10/16/2013; 10/28/2013; 12/02/2013; 02/03/2014; 03/26/2014; 04/11/2014; 06/17/2014; 06/23/2014; 09/12/2014; 10/08/2014; 10/23/2014; 10/24/2014; 10/29/2014; 10/30/2014; 11/04/2014; 11/14/2014; 11/19/2014; 01/15/2015; 01/19/2015; 03/20/2015; 06/24/2015; 12/22/2015; 12/30/2015; 12/31/2015; 01/07/2016; 01/13/2016; 01/26/2016; 06/06/2016; 06/16/2016; 04/07/2017; 05/17/2017; 08/11/2017; 04/30/2018.  The charged value of these entries total $18,217.50.  Instead, the undersigned will compensate them at an hourly rate of $115 per hour.  This change results in a reduction of $12,231.75.

Next, Mr. Burchett also performed clerical duties for which no fee should be charged.  These activities should not be charged at all.  <u>Missouri v. Jenkins</u>, 491 U.S. 274, 288 n.10 (1989); <u>Bennett v. Dep't of Navy</u>, 699 F.2d 1140, 1145 n.5 (Fed. Cir. 1983); <u>Guy v. Sec'y of Health & Human Servs.</u>, 38 Fed. Cl. 403, 407-08 (1997).  Examples include entries at 01/12/2016; 12/19/2016; 06/21/2017; 07/31/2017; 06/21/2018.  The amount of $2,730.00 is therefore eliminated.

The remaining time (423 hours), which was billed at $350 per hour, is reasonable.

C.     <u>Upward Adjustment</u>

The Federal Circuit recognizes that although the lodestar creates a presumably correct amount, the fee adjudicator may revise the figure upward or downward.  <u>Avera,</u> 515 F.3d at 1348.  Two specific reasons combine to warrant an upward adjustment.  First, as noted, Mr. Burchett appears to have lowered his proposed hourly rate to meet an expectation from an attorney in the Department of Justice that was no longer valid.  For work performed in 2019, special masters awarded attorneys with 31+ years of practice $415-$464 per hour.  If Mr. Burchett had sought an hourly rate within this range, the undersigned would have likely endorsed it.

Second, Mr. Burchett achieved an excellent result for Dr. Steele.  The award to Dr. Steele was among the highest awards for a SIRVA case.  To some degree, Mr. Burchett's time reflects the complexity of determining Dr. Steele's lost

earnings.  But, Mr. Burchett's efforts also reflect the experience and efficiency of an attorney whose reasonable hourly rate exceeds $350 per hour.[3]

Accordingly, Mr. Burchett's attorneys' fees (but not paralegal charges) are increased by 10 percent for the reasons explained above.

Dr. Steele is therefore awarded final attorneys' fees of **$168,827.92**.

D.     Costs Incurred

Like attorneys' fees, a request for reimbursement of costs must be reasonable. Perreira v. Sec'y of Health & Human Servs., 27 Fed. Cl. 29, 34 (Fed. Cl. 1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994).  Petitioner requests a total of $72,279.97 in costs, an amount that includes both Mr. Burchett's costs and costs Dr. Steele incurred personally.

Relatively routine items include costs for medical records, deposition fees, medical articles, the Court's filing fee, and court reporting fees for the three-day hearing.  The total cost for these items is $12,322.22.  They are adequately documented, reasonable, and awarded in full.

The balance, $59,957.75, constitutes costs associated with various experts. Reasonable expert fees are determined using the lodestar method, in which a reasonable hourly rate is multiplied by a reasonable number of hours.  Caves v. Sec'y of Health & Human Servs., 111 Fed. Cl. 774, 779 (2013).

To determine the reasonableness of a proposed rate, special masters may consider the "area of expertise; the education and training required to provide necessary insight; the prevailing rates for other comparably respected available experts; the nature, quality, and complexity of the information provided; [and] the cost of living in the expert's geographic area." Sabella v. Sec'y of Health & Human Servs., 86 Fed. Cl. 201, 206 (2009).  Furthermore, "[p]etitioner has the burden of providing the foregoing information concerning expert fees." Id. Experts are expected to list the amount of time they spent on particular activities. See Caves, 111 Fed. Cl. at 781-83; Morse v. Sec'y of Health & Human Servs., 89 Fed. Cl. 683 (2009).

---

[3] The undersigned also acknowledges the excellent work of the Secretary's attorney, Ms. Babcock.  This case remained in the damages phase because the issues were complex, not because Ms. Babcock hindered resolution.  Moreover, Ms. Babcock's creativity regarding selecting an economist after the Tentative Factual Findings set the stage for the parties' proffer.

Kristen Spoon.  Ms. Spoon analyzed Dr. Steele's lost earnings.  Ms. Spoon has submitted multiple invoices, totaling $26,018.75.  Her base rate is $225 per hour.  Her invoices exceed 70 hours.

The problem is the lack of specificity in Ms. Spoon's work.  This example is typical:

| 6/14/17 | Economic analysis, document review, and conversation with counsel. | 6.5 hours |
|---------|-------------------------------------------------------------------|-----------|

Fees App. at 55.  Ms. Spoon has not described with enough detail to communicate what she was doing.  Although Dr. Steele was permitted an opportunity to submit additional information from Ms. Spoon, the response did not help.  It simply pointed to Ms. Spoon's deposition in the civil case, but her answers there are similarly vague.  See exhibit 28 at 12-14.

In an exercise of discretion, Ms. Spoon's invoice is reduced by one-third ($8,586.19).  A reasonable amount of costs for her work is $17,432.56.

Robert Hall.  Robert Hall has worked as a vocational rehabilitation consultant since 1973.  Exhibit 25 at 1.  His hourly rate in 2015 was $350 per hour.  Id.  The total requested is $18,702.50, meaning that he spent more than 50 hours on his reports and work.

In a case that resolved informally, a special master has approved an invoice from Dr. Hall.  See Glaser v. Sec'y of Health & Human Servs., No. 06-764V, 2016 WL 4491493, at *10 (Fed. Cl. Spec. Mstr. June 6, 2016) (finding $325 per hour to be reasonable), reconsideration granted in relevant part, 2016 WL 4483022 (correcting computational error regarding Dr. Hall and awarding $4,452.50).

Retaining two people to perform vocational assessments is highly unusual.  The undersigned understands that Dr. Steele involved Ms. Spoon due to deficiencies or concerns about Mr. Hall's work.  Thus, Mr. Hall's invoice is reduced by 25 percent (equaling $4,675.63).  A reasonable amount of compensation for Mr. Hall is $14,026.88.

Marko Bodor.  Marko Bodor is a doctor who specializes in shoulder injuries.  Dr. Steele originally consulted him during part of her state-court litigation.  Invoices that Dr. Bodor submitted total $5,661.50.

Dr. Bodor has charged for conducting a medical examination of Dr. Steele. Although this examination facilitated a report, Dr. Steele should have first submitted any charges to her insurance company.  42 U.S.C. § 300aa–15(g); <u>see also</u> <u>Turpin v. Sec'y of Health & Human Servs.</u>, No. 99-535V, 2008 WL 5747914, at *10 n.4 (Fed. Cl. Spec. Mstr. Dec. 23, 2008).  Thus, $350 is reduced from Dr. Bodor's charge.  The remaining expenses are reasonable.

<u>Kevin Owsley</u>.  Kevin Owsley is an orthopedic surgeon who operated on Dr. Steele.  Exhibit 49 (affidavit).  He testified for a morning during the hearing.  He has submitted an invoice for $5,100, representing a flat-rate fee ($5,000) plus a charge of $100 for 15 minutes.

A flat-rate appearance fee is not appropriate.  <u>See Culligan v. Sec'y of Health & Human Servs.</u>, No. 14-318V, 2016 WL 1622967, at *10 (Fed. Cl. Spec. Mstr. Mar. 31, 2016) (declining to award an expert a flat fee); <u>Jeffries v. Sec'y of Health & Human Servs.</u>, No. 99-670V, 2006 WL 3903710, at *18 (Fed. Cl. Spec. Mstr. Dec. 15, 2006) (declining to award an expert a flat fee); <u>Broushet v. Target Corp.</u>, 274 F.R.D. 432, 434 (E.D.N.Y. 2011) (awarding compensation to expert only for time spent in deposition).  Accordingly, a reasonable amount of compensation for Dr. Owsley is $1,700.  The amount of $3,400 is reduced.

<u>Charles K. Jablecki</u>.  Charles Jablecki conducted EMGs on Dr. Steele and testified at the hearing.  He has submitted an invoice for $4,475.  Fee's App. at 46.

Like Dr. Bodor, Dr. Jablecki has charged for examinations that should have first been submitted to insurance.  Thus, $500 is reduced.

For the experts named above, a reasonable amount of compensation is $44,145.94.  The total amount of costs is $56,468.16.

E.      Conclusion

The Vaccine Act permits an award of reasonable attorney's fees and costs. 42 U.S.C. § 300aa-15(e). Accordingly, I award a total of (representing in attorneys' fees and in attorneys' costs) as a lump sum of $186,821.07 in the form of a check jointly payable to petitioner and petitioner's counsel.  An additional sum of $38,475.00 is awarded in the form of a check payable to petitioner alone.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[4]

**IT IS SO ORDERED**.

s/Christian J. Moran
Christian J. Moran
Special Master

---

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.